**Myrtle M. VICK, on behalf of herself and all others similarly situated, Appellant,**

v.

**PIONEER OIL COMPANY, WESTERN DIVISION, Appellee.**

No. 8900.

Court of Civil Appeals of Texas, Amarillo.

July 31, 1978.

Morehead, Sharp, Tisdel & White, Charles G. White, Plainview, for appellant.

Morris & Hendelman, Herman I. Morris, Fort Worth, for appellee.

REYNOLDS, Justice.

Myrtle M. Vick filed a class action suit in Floyd County against Pioneer Oil Company, Western Division, a Texas corporation with its principal office in Tarrant County, to recover unpaid overtime wages provided by Article 5172a, § 4, of the Texas Revised Civil Statutes.[1] She brings this appeal from the trial court's order sustaining Pioneer's plea of privilege for the removal of the suit to Tarrant County. We affirm.

---

1. Vick's pleadings refer to Tex.Rev.Civ.Stat. Ann. art. 5172a, §§ 5, 5a; however, Article 5172a was amended in 1971 and, as amended, Section 4 of the article is the provision concerning overtime pay for female employees.

Vick was employed by Pioneer as a cashier at its self-service station in Floydada, Floyd County, from February of 1970 to 1 May 1976. During this period, so Vick alleges, she worked fourteen hours a day, seven days a week, concededly with her consent, and Pioneer failed to pay her overtime wages as prescribed by Article 5172a, § 4 (Supp.1978).[2]

To controvert Pioneer's plea of privilege invoking the general venue rule, Vick advanced subdivision 23 of Article 1995 as the exception authorizing venue in Floyd County. She relies on that portion of the subdivision which permits a suit against a private corporation to be brought in the county in which the cause of action or a part thereof arose.

In support of the venue order, Pioneer submits, among other contentions, that Section 4 of Article 5172a is, and has been declared by the Attorney General of Texas to be, invalid because it violates Title VII of the Civil Rights Act of 1964; that the statute is also constitutionally violative of the Texas Equal Rights Amendment; and that, as a result, Vick could not establish a cause of action based on the invalid statute. Vick concedes that if the statute is unconstitutional, she has no cause of action.

The underlying purpose of Article 5172a (Supp.1978) is to prohibit employers from requiring that a woman work in excess of a specified number of hours without her consent and to provide for premium pay for her overtime hours in certain situations. Section 4 of the article, the basis of Vick's cause of action, reads, in part:

> Sec. 4. . . . Unless otherwise provided herein, any female employee who works more than forty (40) hours per week shall be entitled to receive from the employer pay at a rate not less than one and one-half times the regular rate for which such female is employed for all hours in excess of nine (9) hours per day, provided the employee actually works more than forty (40) hours per week.

The federal Equal Employment Opportunity Act, enacted as Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e–2(a) (1974), prescribes that it shall be an unlawful employment practice for an employer, among other practices,

> (1) to . . . discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex . . .

unless

> (e) . . . sex . . . is a bona fide occupational qualification reasonably necessary to the normal operation of that particular business or enterprise . . .

The Equal Rights Amendment to the Texas Constitution, Article I, § 3a, in its entirety, states:

> Equality under the law shall not be denied or abridged because of sex, race, color, creed, or national origin. This amendment is self-operative.

The Attorney General of Texas, making only a passing reference to the equal rights amendment to the state constitution, has declared that Article 5172a has the discriminatory effect of denying men the benefits accorded women and is, thereby, invalid in its entirety because its provisions conflict with Title VII of the Civil Rights Act of 1964. Tex.Atty.Gen.Op. No. H–254 (1974). Vick argues that the statute can, and should, pass constitutional muster by a judicial decree extending the statutory protection to members of the male sex as, for example, the court did in *Hays v. Potlatch Forests, Inc.*, 465 F.2d 1081 (8th Cir. 1972). In *Hays*, the discriminatory effect of an Arkansas statute providing overtime pay for women was cured, instead of being struck down as violative of Title VII, by the extension of the act's benefits to men. The attorney general considered, and rejected, that view. Op. No. H–254, *supra*, at pp. 5–6.

While the opinions of the attorney general are not binding on the courts, they

---

**2.** Citations of articles refer to those articles of the Texas Revised Civil Statutes.

are rendered in accordance with constitutional and statutory authority and possess a highly persuasive value in the courts. *Guerra v. McClellan*, 250 S.W.2d 241, 243 (Tex. Civ.App.—San Antonio 1952), *aff'd*, 152 Tex. 373, 258 S.W.2d 72 (1953). In passing upon the constitutionality of a statute, the court begins with a presumption of validity, *Robinson v. Hill*, 507 S.W.2d 521, 524 (Tex. 1974), and, if possible, the statute must be construed to avoid repugnancy to the constitution. *Key Western Life Insurance Company v. State Board of Insurance*, 163 Tex. 11, 350 S.W.2d 839, 849 (1961). Yet, if the act of the legislature clearly violates the constitution, the court must give effect to the language of the constitution without regard to the consequences. *Smith v. Craddick*, 471 S.W.2d 375, 378 (Tex.1971). Likewise, if the state act conflicts with a valid federal law, the federal law dominates. *Free v. Bland*, 369 U.S. 663, 666, 82 S.Ct. 1089, 8 L.Ed.2d 180, 183 (1962).

 Because the unambiguous language of Article 5172a does not apply at all to male employees, the statute achieves the sexually discriminatory effect of denying to men its benefits accorded to women. Even though the statutory provisions become operative by free choice, the statute does not offer males the same opportunity as females to invoke its benefits. Sex discrimination is not limited to discrimination against women either by the Civil Rights Act of 1964, *Diaz v. Pan American World Airways, Inc.*, 442 F.2d 385, 386 (5th Cir. 1971), *cert. denied*, 404 U.S. 950, 92 S.Ct. 275, 30 L.Ed.2d 267 (1971), or by any language in the Texas constitutional amendment. Thus, Article 5172a, by favoring one sex in employment practices, is clearly inconsistent with both the Texas constitution and the federal legislation.

Parenthetically, we note that Vick does not suggest, and we do not envision, that Article 5172a has classified sex as a bona fide occupational qualification reasonably necessary to the operation of the particular business in which she was employed so as to escape the force of Title VII. Neither does she suggest, nor do we visualize, that in her situation the mandate of the state equal rights amendment may be negated by another constitutional guarantee or by some recognized compelling state interest. *See Mercer v. The Board of Trustees, North Forest Independent School District*, 538 S.W.2d 201, 206 (Tex.Civ.App.—Houston [14th Dist.] 1976, writ ref'd n. r. e.).

Vick does urge, as previously mentioned, that we rewrite the statute to free it from jeopardy. She asserts that the invalidity of the statute could be overcome by extending its benefits to males, and then, as proposed in *Hays v. Potlatch Forests, Inc.*, *supra*, employers could, at their election, either pay men the same premium pay for overtime statutorily provided for women or limit the hours of employment for both males and females so that no employee works overtime.

 Usually, before a court enlarges the operation of a statute to overcome an apparent constitutional infirmity, the court ascertains, as did the court in *Hays v. Potlatch Forest, Inc.*, *supra*, that the enlargement does not impede or frustrate the purposes of the act. However, to extend to men the benefits that Article 5172a grants to women would be contrary to the underlying purpose of the statute.

The history of Article 5172a demonstrates that the legislature purposely excluded males from its operation. As originally enacted, Article 5172a benefited only women. It was voided by a federal court because it conflicted with Title VII. Reenactment to benefit all employees was proposed, but the bill was amended and adopted to limit its application to women. Op. No. H–254, *supra*, at pp. 1–2. By this action, the legislature clearly evinced its purpose to include women in, and to exclude men from, the operational effect of Article 5172a, and we are not at liberty to arbitrarily ascribe a contrary purpose for the unambiguous legislation as justification for extending its effect.

Moreover, because the conflict of the unambiguous language of Article 5172a with the Texas constitution is apparent, there is no alternative but to declare the statute

void. In this circumstance, words cannot be read into or out of the statute to save it. *Maud v. Terrell*, 109 Tex. 97, 200 S.W. 375, 376 (1918).

Accordingly and in conformity with the attorney general's opinion, we hold that Article 5172a is unconstitutional and may not be judicially rewritten. It follows that the void statute affords no basis for Vick's alleged cause of action.

The judgment of the trial court is affirmed.